FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 21, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIELLE A., on behalf of KRA, a minor child,<br><br>                          Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                          Defendant. | NO:  2:20-CV-142-RMP<br><br>ORDER GRANTING DEFENDANT'S AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT, without oral argument, are cross-motions for

summary judgment from Plaintiff Danielle A.[1], parent filing on behalf of minor

KRA, ECF No. 16, and Defendant the Commissioner of Social Security

("Commissioner"), ECF No. 18.  Plaintiff seeks judicial review, pursuant to 42

U.S.C. § 405(g), of the Commissioner's denial of KRA's application for

---

[1] The Court uses Plaintiff's first name and last initial to protect her privacy.

ORDER GRANTING DEFENDANT'S AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

supplemental security income under Title XVI of the Social Security Act (the "Act")

based on childhood disability. *See* ECF No. 13 at 1. Having reviewed the parties'

motions and the administrative record, the Court is fully informed. The Court grants

summary judgment in favor of Defendant, the Commissioner.

## BACKGROUND

### *General Context*

Plaintiff filed his initial claim for supplemental security income on April 4,

2017, when he was nine years old.[2] Administrative Record ("AR")[3] 15, 170.

Plaintiff alleges that he has been disabled since September 1, 2013, due to hearing

loss, attention deficit hyperactivity disorder ("ADHD"), and anxiety. AR 170, 268.

After the application was initially denied, Plaintiff requested a hearing, which was

held by Administrative Law Judge ("ALJ") Donna Walker in Spokane, Washington,

on February 21, 2019. AR 39. KRA's counsel, Dana Madsen, appeared, and KRA's

mother was present throughout the hearing and testified in response to questions

from counsel and the ALJ. AR 15. KRA did not attend or testify at the hearing. *Id.*

---

[2] Although KRA appears through his mother Danielle A., the Court refers to KRA as "Plaintiff."

[3] The AR in this record is filed at ECF No. 11.

ORDER GRANTING DEFENDANT'S AND DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 2

The ALJ also heard testimony from impartial medical expert David Bruce, M.D. and impartial psychological expert Colette Valette, PhD, a clinical psychologist.[4]

The ALJ issued a decision on March 21, 2019, which became the final decision of the Commissioner when the Appeals Council denied Plaintiff's Request for Review on February 5, 2020.  AR 1–6, 30.

### The ALJ's Decision

The ALJ found that KRA was a school-age child on April 4, 2017, the date that Plaintiff filed the application for SSI.  AR 18.  At Step One of the sequential analysis, the ALJ found that KRA had not engaged in substantial gainful activity since the application date.  *Id.*  At Step Two, the ALJ found that KRA suffered from several severe impairments: ADHD, anxiety, receptive learning disorder, mild to moderate hearing loss with hearing aids, recurrent ear wax, and speech impairment. *Id.*

At Step Three of the sequential analysis, the ALJ found that the severity of KRA's impairments did not meet or equal the criteria of any Listing.  *Id.*  The ALJ found persuasive the opinions of testifying impartial medical expert Dr. Bruce in finding that KRA's hearing loss does not meet or medically equal the relevant Listing, 102.10B(1) and (2).  AR 19.  The ALJ further credited the relevant portion

---

[4] Dr. Valette's name is spelled phonetically in the hearing transcript as "Belinda Bellet."  AR 38, 54–65.

ORDER GRANTING DEFENDANT'S AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

of testifying impartial psychological expert Dr. Valette's testimony to find that

KRA's mental impairments do not meet the "B" criteria of Listings 112.06 and

112.11.  *Id.*

The ALJ then assessed KRA's functioning in the six functional domains and

determined that his impairments did not cause marked limitations in two domains or

an extreme limitation in at least one domain of functioning. AR 19–30.  Therefore,

the ALJ concluded that KRA was not disabled within the meaning of the Social

Security Act.  AR 534.

## LEGAL STANDARD

### *Standard of Review*

Congress has provided a limited scope of judicial review of a Commissioner's

decision. 42 U.S.C. § 405(g).  A court may set aside the Commissioner's denial of

benefits only if the ALJ's determination was based on legal error or not supported by

substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing

42 U.S.C. § 405(g)).  "The [Commissioner's] determination that a claimant is not

disabled will be upheld if the findings of fact are supported by substantial evidence."

*Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).

Substantial evidence is more than a mere scintilla, but less than a preponderance.

*Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v.*

*Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989).  Substantial evidence "means such

ORDER GRANTING DEFENDANT'S AND DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 4

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)). It is the role of the trier of fact, not the reviewing court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

1    ***Childhood Sequential Evaluation Process***

2        To qualify for disability benefits, individuals under eighteen years old must

3    have "a medically determinable physical or mental impairment, which results in

4    marked and severe functional limitations, and which can be expected to result in

5    death or which has lasted or can be expected to last for a continuous period of not

6    less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

7        The Commissioner is required to use a three-step sequential analysis to

8    determine whether a child is eligible for SSI benefits.  20 C.F.R. § 416.924.  First,

9    the ALJ considers whether the child is engaged in "substantial gainful activity."  *Id*.

10    at § 416.924(a), (b).  Second, the ALJ considers whether the child has a "medically

11    determinable impairment that is severe," which is defined as an impairment that

12    causes "more than minimal functional limitations."  *Id*. at § 416.924(c).  Finally, if

13    the ALJ finds a severe impairment, the ALJ must consider whether the impairment

14    "medically equals" or "functionally equals" a disability listed in the regulatory

15    "Listing of Impairments."  *Id*. at § 416.924(c)-(d).

16        To determine whether the child's impairment or combination of impairments

17    meets or medically equals a listing, the ALJ must assess the child's functioning in

18    six functional domains:

19        (i)    Acquiring and using information;
         (ii)   Attending and completing tasks;
20        (iii)  Interacting with and relating to others;
         (iv)   Moving about and manipulating objects;

21

ORDER GRANTING DEFENDANT'S AND DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 6

(v)    Caring for yourself; and
(vi)   Health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i)-(vi).

An impairment "functionally equals" a listed impairment if it results in marked limitations in at least two of six functional domains or an extreme limitation in at least one domain. 20 C.F.R. § 416.926a(a). A marked limitation "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." *Id*. at § 416.926a(e)(2). An extreme limitation "interferes very seriously" with those abilities. *Id*. at § 416.926a(e)(3). In assessing whether the claimant has "marked" or "extreme" limitations, the ALJ must consider the functional limitations from all medically determinable impairments, including any impairments that are not severe. *Id*. at § 416.926a(a). The ALJ must also consider the interactive and cumulative effects of the claimant's impairment or multiple impairments in any affected domain. *Id.* at § 416.926a(c).

## ISSUES ON APPEAL

The parties' motions raise the following issues regarding the ALJ's decision:

1.     Are the ALJ's findings regarding the six domains of functioning based on substantial evidence?
2.     Did the ALJ erroneously base the unfavorable decision on the opinion of a non-examining, non-treating doctor?
3.     Did the ALJ erroneously discredit the testimony of teacher Chloe Yaeger and the testimony of KRA's mother, Danielle A.?
4.     Did the ALJ erroneously fail to address the opinion of consultative examiner Dr. Jordan?

ORDER GRANTING DEFENDANT'S AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

# DISCUSSION

## *Domain Findings*

Plaintiff argues that KRA's functioning in three of the six functional domains is much more limited than the ALJ determined, and the ALJ's determination is not supported by substantial evidence.  ECF No. 13 at 15, 17.  Plaintiff does not allege error with respect to any specific functional domains.  *See id.*

The Commissioner responds that Plaintiff does not offer any substantive argument to undermine the ALJ's assessment of no functional limitations that rise to the level of marked and argues that the "'key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled.'"  ECF No. 14 at 6 (quoting *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997)).

The fact that Plaintiff believes that the ALJ's domain findings should have been different does not establish that the ALJ unreasonably interpreted the evidence or otherwise erred.  Plaintiff bears the burden of proving harmful error.  *See Ludqig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09 (2009)).  Plaintiff has failed to show that the ALJ erred in finding that Plaintiff's impairments did not cause marked limitations in two domains or an extreme limitation in at least one domain of functioning.  AR 19–30.

ORDER GRANTING DEFENDANT'S AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

Consequently, the Court denies Plaintiff summary judgment and grants Defendant summary judgment on this ground.

### *Treatment of Non-Examining, Non-Treating Psychological Expert's Opinion*

Plaintiff asserts, not as a separate ground but within his argument regarding other allegations of error, that Dr. Valette's hearing testimony that KRA's impairments were less than marked is "contrary to the medical records and contrary to the school records." ECF No. 13 at 17. Plaintiff also asserts in conclusory fashion, in his statement of facts and not as a separate ground, that Plaintiff was denied due process when Dr. Valette responded that she did not know what Plaintiff's counsel meant by his question whether KRA "has extreme behavior." ECF No. 13 at 11–12.

The Commissioner responds that Plaintiff waived any challenge to the ALJ's weighing of Dr. Valette's opinion by not including that as a ground in Plaintiff's Motion for Summary Judgment, and the ALJ properly addressed both supportability and consistency with respect to Dr. Valette's opinion in her decision. ECF No. 14 at 11–12. The Commissioner further responds that Plaintiff's counsel enjoyed a full ability to examine Dr. Valette at the hearing, and the hearing transcript demonstrates that Plaintiff's counsel ceased questioning after eliciting responses from Dr. Valette to his questions. ECF No. 14 at 19–20.

ORDER GRANTING DEFENDANT'S AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9

1    Dr. Valette reviewed KRA's medical records but did not examine or treat

2    KRA.  AR 54–65.  Dr. Valette testified at the hearing as a psychological expert.  *Id.*

3    Plaintiff's counsel cross-examined Dr. Valette on several topics

4    The Social Security Administration has amended the regulations that provide

5    the framework for evaluating medical opinion evidence in claims filed on or after

6    March 27, 2017.  *See* 20 C.F.R. § 416.920c.  Because Plaintiff filed his application

7    for SSI on April 4, 2017, evaluation of his claim is subject to the new regulations.

8    Under the amended framework, an ALJ must consider and evaluate the

9    persuasiveness of all medical opinions in the record using the factors specified in the

10    regulations.  20 C.F.R. § 416.920c(a).  Those factors include supportability,

11    consistency, relationship with the claimant, specialization, and other factors such as

12    the medical source's familiarity with other evidence in the record or with disability

13    program requirements.  *Id.* at § 416.920c(c)(1)-(5).  The ALJ must explain how she

14    considered the supportability and consistency factors, but an explanation for the

15    remaining factors is not required except when deciding among differing yet equally

16    persuasive opinions or findings on the same issue.  20 C.F.R. § 416.920c(b).  The

17    ALJ is no longer required to defer or give any specific evidentiary weight to any

18    medical opinion or prior administrative finding.  *Id.* at § 416.920c(a).  Supportability

19    consists of whether the opinion or finding is supported by relevant objective medical

20    evidence and the medical source's supporting explanations.  *Id*. at § 416.920c(c)(1).

21

1    The consistency factor considers whether an opinion or finding is consistent with

2    evidence from other medical sources and non-medical sources, including the

3    claimants themselves. *Id.* at §§ 416.920c(c)(2), 416.902(j)(1).

4    The ALJ's decision sets forth the ALJ's reasoning for finding Dr. Valette's

5    opinion persuasive, including Dr. Valette's review of the entire record, and ability to

6    reference specific portions in support of her opinions, and responses to numerous

7    questions from Plaintiff's counsel at the hearing. AR 22. The ALJ also discussed

8    the consistency between Dr. Valette's opinion and "the substantial evidence of the

9    record" and noted Dr. Valette's "specialized program knowledge." *Id.* These

10   findings support that the ALJ appropriately considered Dr. Valette's testimony under

11   the amended framework provided by 20 C.F.R. § 416.920c. The Court also finds

12   that Plaintiff has not made any showing that he was denied an opportunity to appear

13   before the ALJ, present evidence, question witnesses, and state his position. *See*

14   *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) (citing *Mathews v. Eldridge*,

15   424 U.S. 319, 333 (1976)) (holding that procedural due process entitles a social

16   security claimant to receive meaningful notice and an opportunity to be heard before

17   his claim for benefits may be denied); 20 C.F.R. § 416.1450(a) (providing that a

18   claimant has the right to appear before an ALJ, present evidence, and state his

19   position). Therefore, the Court denies Plaintiff summary judgment and grants

20   Defendant summary judgment on this ground.

21

1

***Treatment of Teacher and Parent Testimony***

2       Plaintiff argues that the ALJ's treatment of both KRA's mother, Danielle A.,

3   and KRA's fifth grade teacher, Ms. Yaeger, was erroneous.  ECF No. 13 at 17.  The

4   Commissioner contests that characterization.  ECF No. 14 at 8–15.

5       Generally, "lay testimony as to a claimant's symptoms . . . is competent

6   evidence ... and therefore cannot be disregarded without comment."  *Nguyen v.*

7   *Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).  An ALJ must provide germane

8   reasons for rejecting the lay witness's testimony.  *Stout v. Comm'r*, 454 F.3d 1050,

9   1053 (9th Cir. 2006).  Under the amended regulations discussed above, the ALJ is

10  not required to articulate how she considered evidence from nonmedical sources

11  using the factors under 20 C.F.R. §416.920c discussed above.  *See* 20 C.F.R. §

12  416.920c(d).  The Court addresses the ALJ's treatment of both challenged

13  nonmedical opinions in turn.

14              <u>Ms. Yaeger</u>

15      Plaintiff argues that the ALJ erroneously credited psychological expert Dr.

16  Valette's opinion over Ms. Yaeger's because Ms. Yaeger, as KRA's teacher, "would

17  have had the opportunity to observe him throughout the school day, including the

18  morning and afternoon, and the teacher indicated that even with medications, KRA's

19  symptoms were marked."  ECF No. 13 at 17–18.

20

21

ORDER GRANTING DEFENDANT'S AND DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 12

1    The Commissioner responds that the ALJ provided germane reasons for

2    discounting the opinions of Ms. Yaeger, that KRA had "serious problems" and "very

3    serious problems" in functioning at school.  ECF No. 14 at 9.  The Commissioner

4    argues that the ALJ reasonably noted that Ms. Yaeger's opinions conflicted with

5    KRA's fourth grade teacher's assessment, the fact that KRA did not require special

6    education services for his behavior problems or for reading, math, or writing in

7    either fourth or fifth grade, and with Dr. Valette's observation that Ms. Yaeger's

8    assessments were "'inconsistent with [KRA] being in the general education

9    [population] 98 percent of the time.'"  *Id.* at 10 (quoting AR 57).  The Commissioner

10    further argues that the ALJ reasonably found Dr. Valette's opinion to be more

11    consistent than Ms. Yaeger's with evidence post-dating Ms. Yaeger's report that

12    KRA's medication was adjusted.  *Id.* at 10–11 (citing AR 19, 68–69, 405).  The

13    Commissioner insists that the relationship between a source and the claimant is no

14    longer a controlling factor under the new regulations at 20 C.F.R. § 416.920c(a).  *Id.*

15    at 11.

16        In addition to other reasons, the ALJ noted that Ms. Yaeger indicated on the

17    January 17, 2019 teacher questionnaire that KRA's functioning was impaired for

18    only part of the school day, in the afternoons, and the intensity of Ms. Yaeger's

19    assessment of KRA's impairment was not consistent with KRA remaining in a

20    general education classroom 98 percent of the time.  AR 22, 25.

21

ORDER GRANTING DEFENDANT'S AND DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 13

1       Plaintiff's arguments regarding crediting Ms. Yaeger's observations over Dr.

2    Valette's assessment based on a review of the record ask the Court to reweigh the

3    material in the record rather than review the ALJ's decision for error.  This Court's

4    role is to review the ALJ's decision for lack of substantial evidence or legal error,

5    not to reweigh the opinions.  *See Revisions to Rules Regarding the Evaluation of*

6    *Medical Evidence*, 82 Fed. Reg. 5852 (January 18, 2017) ("Courts reviewing claims

7    under our current rules have focused more on whether we sufficiently articulated the

8    weight we gave treating source opinions, rather than on whether substantial evidence

9    supports our final decision . . .  [T]hese courts, in reviewing final agency decisions,

10   are reweighing evidence instead of applying the substantial evidence standard of

11   review, which is intended to be highly deferential standard to us.").  Rather, the

12   Court considers whether the ALJ provided germane reasons for discounting portions

13   of Ms. Yeager's questionnaire responses, and finds that the ALJ did.  *See* AR 22, 25

14   (finding that Ms. Yeager's opinions conflicted with medical opinion and other

15   evidence in the record).

16       The Court does not find reversible error in the ALJ's handling of Ms.

17   Yeager's nonmedical opinions.  The Court denies Plaintiff summary judgment and

18   grants Defendant summary judgment on this ground.

19

20

21

1        <u>Danielle A.</u>

2            Plaintiff argues that the opinion of Ms. Yeager is consistent with the

3    testimony of KRA's mother, Danielle A., and that "[t]hese two people are the ones

4    that have had the opportunity to observe KRA the most and would be in the best

5    position to describe his daily behavior."  ECF No. 13 at 18.

6            The Commissioner disputes that Danielle A.'s testimony was consistent with

7    Ms. Yeager's opinion and directs the Court to Danielle A.'s testimony that, by the

8    date of the hearing, KRA was taking medication throughout the day, including twice

9    while at school, which contrasts with Ms. Yeager's observation that KRA is a "high

10   functioning great kid" when he is "on meds" in the morning, but "disruptive,

11   disrespectful, defiant" in the afternoon when no longer medicated.  ECF No. 14 at

12   12; AR 68–69, 409.  The Commissioner characterizes Plaintiff's argument with

13   respect to Danielle A.'s testimony as an invitation to reweigh evidence and argues

14   that the ALJ "is entitled 'to determine credibility, resolve conflicts in the testimony,

15   and resolve ambiguities in the record.'"  ECF No. 14 at 12 (quoting *Treichler v.*

16   *Comm'r*, 775 F.3d 1090, 1098 (9th Cir. 2014)).

17           The Court again declines Plaintiff's invitation to reweigh the evidence that

18   was before the ALJ.  The relevant inquiry in resolving the parties' summary

19   judgment motions is whether the ALJ provided germane reasons for partially

20   discounting Danielle A.'s testimony regarding the intensity of Plaintiff's

21

ORDER GRANTING DEFENDANT'S AND DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 15

impairments.  *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (holding that inconsistency with the medical record is a germane reason for discrediting the testimony of a lay witness).  The ALJ found that KRA's mother's testimony regarding the intensity, persistence, and limiting effects of the symptoms was "not entirely consistent" with the medical evidence and other evidence in the record and proceeded to give a lengthy recitation of medical evidence that conflicts with the degree of impairment alleged or implied by Danielle A.'s statements.  AR 21.

Accordingly, the Court does not find any error in the ALJ's treatment of Danielle A.'s testimony and denies Plaintiff summary judgment and grants Defendant summary judgment on this ground.

### *Treatment of Report of Timothy Jordan, M.D.*

Plaintiff asserts that the ALJ committed reversible error by not properly crediting the finding of examining physician Timothy W. Jordan, M.D., whose consultative report Plaintiff alleges supported that KRA had marked and extreme behavior in several domains.  ECF No. 13 at 19.  Plaintiff does not explain how Dr. Jordan's report supports marked or extreme behavior in any functional domain, but highlights that Dr. Jordan evaluated KRA when he was 9 years old and in fourth grade and found that KRA tested at a fourth grade level for reading fluency but at a second grade level for reading comprehension.  ECF No. 15 at 11 (citing AR 345); *see also* ECF No. 13 at 19.

ORDER GRANTING DEFENDANT'S AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 16

1    The regulations effective March 27, 2017, 20 C.F.R. §§ 404.1520c(c),

2    416.920c(c), require the ALJ to articulate how persuasive the ALJ finds medical

3    opinions and to explain how the ALJ considered the supportability and consistency

4    factors. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). An ALJ is not required to

5    discuss every witness's testimony on an "individualized, witness-by-witness basis";

6    the same germane reasons provided for rejecting similar testimony by a different

7    witness may apply to another lay witness. *See Molina v. Astrue*, 674 F.3d 1104,

8    1114 (9th Cir. 2012).

9        Dr. Jordan evaluated KRA on May 3, 2017, and prepared a consultative report

10   for the Commissioner.  AR 500–06.  The ALJ did not refer to Dr. Jordan's report in

11   her decision.  *See* AR 15–30.  Having reviewed Dr. Jordan's report, the Court finds

12   that, even if the ALJ had fully credited the report, Dr. Jordan did not opine as to the

13   six functional domains.  *See* AR 500–06.  Rather, Dr. Jordan diagnosed KRA with

14   "learning problem [sic]," anxiety about knowledge, and receptive expressive

15   language disorder, and he recommended continued monitoring by KRA's primary

16   care provider, continued special education support services through the school

17   district, and no additional testing or medication changes.  AR 504–05.  There is no

18   indication that ALJ's ultimate conclusion of nondisability would not have been

19   affected by Dr. Jordan's diagnoses and recommendations, as the ALJ accounted for

20   the services KRA was receiving from the school district and the medications and

21

primary care he was receiving.  *See* AR 15–30.  Moreover, even if Dr. Jordan's

opinions conflicted with opinions and medical evidence in the record supporting

nondisability, the Court does not substitute its judgment for that of the

Commissioner in weighing evidence that supports more than one rational

interpretation.  *Tackett*, 180 F.3d at 1097.  Therefore, the Court does not find any

harmful error with respect to Dr. Jordan's consultative report and denies Plaintiff

summary judgment and grants Defendant summary judgment on this ground.

   Accordingly, **IT IS HEREBY ORDERED**:

   1.  Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

   2.  Defendant's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

   3.  The District Court Clerk shall enter judgment in favor of Defendant.

   **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

Order, provide copies to counsel, and **close the file** in this case.

   **DATED** July 21, 2021.


                                    *s/ Rosanna Malouf Peterson*
                                ROSANNA MALOUF PETERSON
                                   United States District Judge

ORDER GRANTING DEFENDANT'S AND DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT ~ 18